## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## Jacksonville Division

**TOI DRAYTON**

       **Plaintiff,**

v.                                         **CASE NO.:**

**AMAZON.COM SERVICES LLC**

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff Toi Drayton ("Ms. Drayton" or "Plaintiff"), by and through the undersigned counsel, and by way of this Complaint against Defendant Amazon.com Services LLC ("Defendant") for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01, *et seq.* ("FCRA") and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Ms. Drayton is an adult female residing in Duval County, Florida.

2. Defendant is a for-profit limited liability company, with its headquarters and principal place of business in Seattle, Washington. Defendant further does business throughout the State of Florida and the United States.

3. Defendant employs over 500 employees and is a covered employer

within the meaning of Title VII and the FCRA at all times relevant to this Complaint.

4. This Court has jurisdiction over Ms. Drayton's Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has the power to exercise supplemental jurisdiction over Ms. Drayton's FCRA claims pursuant to 29 U.S.C. § 1367.

6. The allegations in this Complaint primarily involve acts and occurrences during Ms. Drayton's employment with Defendant in Jacksonville, Florida. Accordingly, venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2).

## PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

7. Plaintiff has timely complied with all legally required administrative prerequisites prior to initiating this action.

8. Specifically, Plaintiff timely filed her charge of religion and gender discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 7, 2020.

9. Pursuant to a work-share agreement between the EEOC and the Florida Commission on Human Relations ("FCHR"), Plaintiff's charge of religion and gender discrimination was also timely filed with the FCHR on or about

August 7, 2020.

10. More than 180 days have elapsed since Plaintiff's charge was filed with the FCHR without a determination by the FCHR, and thus Plaintiff may bring suit under the Florida Civil Rights Act pursuant to Fla. Stat. § 760.11.

11. Plaintiff received a Notice of Right to Sue from the EEOC on or about September 7, 2022, as to Plaintiff's charge of religion and gender discrimination pursuant to Title VII.

12. Plaintiff has timely filed this action within 90 days of receipt of the EEOC Notice of Right to Sue.

13. All conditions precedent to bringing this action have been satisfied, waived, or excused.

14. This Complaint is timely filed.

## **FACTS GIVING RISE TO RELIEF**

15. Ms. Drayton was hired by Defendant on November 10, 2017 as a Fulfillment Associate at its Fulfillment Center in Jacksonville, Florida. The Jacksonville, Florida Fulfillment Center is also known as JAX2.

16. At all times relevant herein, Ms. Drayton was employed at Defendant's Jacksonville, Florida facilities and locations.

17. Ms. Drayton's religion is Judaism.

18. Ms. Drayton requested religious accommodations associated with her Jewish faith that her work schedule not include periods of Fridays and

Saturdays, when Ms. Drayton observed the Jewish Sabbath, Shabbat.

19. Defendant approved Ms. Drayton's religious accommodations for Shabbat observances as Ms. Drayton's work schedule typically did not require Ms. Drayton to work during Shabbat from 2017 through 2019.

20. In August or September 2019, Ms. Drayton requested a leave of absence to observe several Jewish holidays during a September to October 2019 period.

21. Defendant approved the leave request for Ms. Drayton to observe several Jewish holidays from September 29, 2019 to October 26, 2019.

22. Ms. Drayton took approved leave during the September to October 2019 time period set forth above to observe several Jewish holidays.

23. At the time of the September to October 2019 leave period, Ms. Drayton was supervised by IT Manager, Diane Yao.

24. Ms. Drayton informed Ms. Yao of the religious nature of her September to October 2019 leave, and indeed Ms. Yao was aware of the religious nature of Ms. Drayton's leave.

25. On or about November 14, 2019, Ms. Drayton applied for an available IT Support Associate II position at the JAX2 location.

26. Ms. Drayton was eligible and qualified for the IT Support Associate II position at the time she applied for that position.

27. The IT Support Associate II position Ms. Drayton applied for would

have been a promotion had Ms. Drayton been selected, with increased compensation and advancement opportunities.

28. After advancing through the interview process for the IT Support Associate II position, Ms. Drayton was rejected for selection and promotion to that position.

29. Upon information and belief, Ms. Yao was the hiring manager, and the decision-maker with regard to Ms. Drayton being rejected for the IT Support Associate II position.

30. On or about December 16, 2019, Ms. Yao informed Ms. Drayton that the reason she was not selected for promotion to the IT Support Associate II position was because she took too much leave associated with her religious observances.

31. After the December 16th meeting, Ms. Drayton lodged an internal complaint with Defendant's human resources department alleging religious discrimination.

32. It is believed that despite Ms. Drayton's internal complaint, Defendant failed to investigate or take appropriate remedial action with regard to the discriminatory treatment.

33. Ms. Drayton also submits that she was not selected for the IT Support Associate II position on account of her gender, female.

34. The three interviewers for the open IT Support Associate II position

were male managers, Manuel Cardona, Vishal Mehta, and Jeff Pratt.

35. The person selected for promotion to the available IT Support Associate II position that Ms. Drayton sought in 2019 was a male, Joseph Donlea.

36. Ms. Drayton further submits that Defendant's Jacksonville IT management and IT department where she sought promotion to, were predominately employed by males during the 2017 through 2021 time period.

37. Even after Ms. Drayton was rejected for promotion to the open IT Support Associate II position, Ms. Drayton submits other male employees continued to be promoted to available IT positions ahead of her during the 2020 to 2021 time frame, despite Ms. Drayton being inclined and otherwise fully qualified and eligible for promotion to the IT Support Associate II position.

38. Not until approximately June 20, 2021, was Ms Drayton finally promoted to an available IT Support Associate II position.

39. As a result of Defendant's unlawful acts and practices, Ms. Drayton has suffered and continues to suffer damages.

40. Ms. Drayton has retained the undersigned law firm to prosecute this action and has agreed to pay said law firm a reasonable fee for its services.

### COUNT I

**(Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.-Religion Discrimination)**

41. Ms. Drayton restates and realleges each and every allegation

contained in paragraphs 1 through 32 and 38 through 40 of this Complaint with the same force and vigor as if set out here in full.

42. Defendant, by and through its agents and employees, intentionally discriminated against Ms. Drayton in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), by among other things, denying Ms. Drayton a promotion opportunity on account of her religion.

43. Defendant employs more than 15 employees, and is an employer pursuant to Title VII.

44. Ms. Drayton is a member of a protected class based upon her religion.

45. At all times relevant herein, Ms. Drayton was qualified, and applied for the IT Support Associate II position.

46. Despite Ms. Drayton's qualifications for the IT Support Associate II position, she was rejected.

47. Defendant, by and through its agents and employees, treated Ms. Drayton less favorably than similarly situated employees outside of her protected class.

48. Any non-discriminatory reason for the action Defendant took against Ms. Drayton is pretext for unlawful discrimination.

49. In the alternative, Ms. Drayton submits that direct evidence establishes Defendant's intent to discriminate against Ms. Drayton on account of

her religion.

50. The facts and circumstances of the discriminatory treatment of Ms. Drayton also establish a convincing mosaic of evidence that Defendant, thorough its agents and employees, intentionally discriminated against Ms. Drayton on account of her religion in violation of Title VII.

51. The acts and omissions committed by Defendant, by and through its agents and employees, were willful, malicious, and in reckless disregard of Ms. Drayton's federally protected rights.

52. As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Ms. Drayton has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, loss of dignity, emotional distress, mental anguish, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff Toi Drayton demands judgment against Defendant for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs under Title VII; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the

circumstances.

## COUNT II

### (Violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01 *et seq.*- Religion Discrimination)

53. Ms. Drayton restates and realleges each and every allegation contained in paragraphs 1 through 32 and 38 through 40 of this Complaint with the same force and vigor as if set out here in full.

54. Defendant, by and through its agents and employees, intentionally discriminated against Ms. Drayton on account of her religion in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01 *et seq.* ("FCRA"), by among other things, denying Ms. Drayton a promotion opportunity on account of her religion.

55. Defendant employs more than 15 employees, and is an employer pursuant to FCRA.

56. Ms. Drayton is a member of a protected class based upon her religion.

57. At all times relevant herein, Ms. Drayton was qualified, and applied for the IT Support Associate II position.

58. Despite Ms. Drayton's qualifications for the IT Support Associate II position, she was rejected.

59. Defendant, by and through its agents and employees, treated Ms. Drayton less favorably than similarly situated employees outside of her

9

protected class.

60. Any non-discriminatory reason for the action Defendant took against Ms. Draton is pretext for unlawful discrimination.

61. In the alternative, Ms. Drayton submits that direct evidence establishes Defendant's intent to discriminate against Ms. Drayton on account of her religion.

62. The facts and circumstances of the discriminatory treatment of Ms. Drayton also establish a convincing mosaic of evidence that Defendant, thorough its agents and employees, intentionally discriminated against Ms. Drayton on account of her religion in violation of the FCRA.

63. The acts and omissions committed by Defendant, by and through its agents and employees, were willful, malicious, and in reckless disregard of Ms. Drayton's rights.

64. As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Ms. Drayton has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, loss of dignity, emotional distress, mental anguish, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Toi Drayton demands judgment against Defendant for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, and

other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs under the FCRA; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## COUNT III

### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*-Gender Discrimination) (Alternative to Counts I and II)

65. Ms. Drayton restates and realleges each and every allegation contained in paragraphs 1 through 16, 25 through 28, and 33 through 40 of this Complaint with the same force and vigor as if set out here in full.

66. Defendant, by and through its agents and employees, intentionally discriminated against Ms. Drayton in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII")*,* by among other things, denying Ms. Drayton a promotion opportunity on account of her gender.

67. Defendant employs more than 15 employees, and is an employer pursuant to Title VII.

68. Ms. Drayton is a member of a protected class based upon her gender.

69. At all times relevant herein, Ms. Drayton was qualified, and applied

for the IT Support Associate II position.

70. Despite Ms. Drayton's qualifications for the IT Support Associate II position, she was rejected.

71. Defendant, by and through its agents and employees, treated Ms. Drayton less favorably than similarly situated employees outside of her protected class.

72. Any non-discriminatory reason for the action Defendant took against Ms. Drayton is pretext for unlawful discrimination.

73. The facts and circumstances of the discriminatory treatment of Ms. Drayton also establish a convincing mosaic of evidence that Defendant, thorough its agents and employees, intentionally discriminated against Ms. Drayton on account of her gender in violation of Title VII.

74. The acts and omissions committed by Defendant, by and through its agents and employees, were willful, malicious, and in reckless disregard of Ms. Drayton's federally protected rights.

75. As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Ms. Drayton has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, loss of dignity, emotional distress, mental anguish, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff Toi Drayton demands judgment against

Defendant for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs under Title VII; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## COUNT IV

### (Violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01 *et seq.*- Gender Discrimination) (Alternative to Counts I and II)

76. Ms. Drayton restates and realleges each and every allegation contained in paragraphs 1 through 16, 25 through 28, and 33 through 40 of this Complaint with the same force and vigor as if set out here in full.

77. Defendant, by and through its agents and employees, intentionally discriminated against Ms. Drayton on account of her gender in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01 *et seq.* ("FCRA"), by among other things, denying Ms. Drayton a promotion opportunity on account of her gender.

78. Defendant employs more than 15 employees, and is an employer pursuant to FCRA.

79. Ms. Drayton is a member of a protected class based upon her

gender.

80. At all times relevant herein, Ms. Drayton was qualified, and applied for the IT Support Associate II position.

81. Despite Ms. Drayton's qualifications for the IT Support Associate II position, she was rejected.

82. Defendant, by and through its agents and employees, treated Ms. Drayton less favorably than similarly situated employees outside of her protected class.

83. Any non-discriminatory reason for the action Defendant took against Ms. Drayton is pretext for unlawful discrimination.

84. The facts and circumstances of the discriminatory treatment of Ms. Drayton also establish a convincing mosaic of evidence that Defendant, thorough its agents and employees, intentionally discriminated against Ms. Drayton on account of her gender in violation of the FCRA.

85. The acts and omissions committed by Defendant, by and through its agents and employees, were willful, malicious, and in reckless disregard of Ms. Drayton's rights.

86. As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Ms. Drayton has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, loss of dignity, emotional distress, mental

anguish, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Toi Drayton demands judgment against Defendant for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs under the FCRA; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff Toi Drayton hereby demands a jury trial on all claims set forth in the Complaint.

Dated this 30th day of November, 2022.

>Respectfully submitted,
>
>The Law Office of Shands M. Wulbern, P.A.
>
>By: /s/ *Shands M. Wulbern*
>Shands M. Wulbern
>Florida Bar No. 0155217
>3000 Hartley Road, Suite 10
>Jacksonville, Florida 32257
>(904) 570-9233
>swulbern@wulbernlaw.com
>
>*Trial Counsel for Plaintiff*